IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

GEORGE HOEY MORRIS           *

    Plaintiff,               *

v.                           * CIVIL ACTION NO. 2:05-CV-1118-T
                                                        (WO)
HOMELAND SECURITY, *et al.*, *

    Defendants.              *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff is currently incarcerated in the Montgomery City Jail. He filed this fee-paid, *pro se* civil action for damages against the Department of Homeland Security, the Immigration Custom Enforcement ["ICE"], and Thomas Coram, Jr. ["Coram"], an agent with the Department of Homeland Security and/or ICE. Plaintiff also requests that Coram return various items of personal property he confiscated from plaintiff.

Although the complaint is docketed as an action brought pursuant to 42 U.S.C. § 1983, the court construes the complaint as an action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).[1] *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*pro se* papers should be liberally construed to raise the strongest arguments suggested).

---

[1] Federal courts have analogized *Bivens* claims to claims filed under 42 U.S.C. § 1983, which require a showing that defendants acted under color of state law to deprive an individual of his or her constitutional rights. *See Butz v. Economou*, 438 U.S. 478, 498-99 (1978).

A claim under *Bivens* must allege facts showing that the defendant(s) acted under color of federal law to deprive plaintiff of a constitutional right. *Bivens*, 403 U.S. at 388.

## DISCUSSION

It is well-established that this court has broad, inherent power *sua sponte* to dismiss an action, or part of an action, which is frivolous, sham, vexatious, or brought in bad faith. 1 Moore's Federal Practice, ¶ 0.60[6] at 639-40 (2d ed. 1975) ; *Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988) (federal district judge has authority to dismiss a frivolous suit on his own initiative); *Brown v. District Unemployment Compensation Board*, 411 F. Supp. 1001 (D.C. 1975) (district court has inherent power to control the judicial process and dismiss frivolous or harassing action *sua sponte*). This broad, inherent power, not limited or impaired by Rule 12(b), "may be invoked at any time during the process of the action." 1 Moore's, *supra*, at 640.

The plaintiff' asserts several constitutional violations against the defendants, including, but not limited to, allegations of unlawful imprisonment, false arrest, unreasonable searches and seizures, conspiracy, and perjured testimony. This action, however, may not proceed against all of the named defendants. Specifically, a *Bivens* action may not be brought against the Department of Homeland Security and ICE because these actions may not be brought against *agencies* of the federal government. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *Young v. SouthTrust Bank, N.A.*, 51 F. Supp.2d 1274, 1281 (M.D. Ala. 1999). *See also United States v. Testan*, 424 U.S. 392, 399 (1976) (the United States of

America, as sovereign, is immune from suit except to the extent it consents to be sued).

Because the plaintiff has no *Bivens* cause of action for damages against the Department of Homeland Security and ICE, the court finds that it would be a futile use of judicial and other resources to proceed with the claims simply because the plaintiff has paid the civil filing fee. Consequently, the court concludes that the plaintiff's claims against the Department of Homeland Security and ICE are due to be dismissed *sua sponte*.

## CONCLUSION

Accordingly, the Clerk of Court is DIRECTED to take all necessary steps to amend the court's docket to reflect that the instant complaint is filed as a *Bivens* action.

It is the RECOMMENDATION of the Magistrate Judge that Plaintiff's claims against the Department of Homeland Security and ICE be DISMISSED with prejudice *sua sponte* prior to service of process.

It is further the RECOMMENDATION of the Magistrate Judge that this case with respect to the remaining defendant be referred back to the undersigned for additional proceedings.

It is

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **3 January 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are

advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 20th day of December 2005.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE