RECEIVED

2006 JAN 1 A 10: 3 In The United States District Court

DEBRA P. FORT The Middle District of Alabama
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA      Northern Division

George Hoey Morris                    )
            Plaintiff                 )
                                      )
                                      )
VS                                    )
                                      )
                                      )  Civil Action No:
Homeland Security                     )
                                      )  **2:05CV1118-T**
Immigration Customs Enforcement       )
Thomas Coram Jr. (Individually)       )
                                      )

## Objection To The Reccommendation Of The Magistrate Judge

Comes now the plaintiff George Hoey Morris appearing pro se before this honorable Court and files this objection to the reccommendation of the Magistrate Judge in the above styled case.

Plaintiff specifically objects to the dismissal of Homeland Security and Immigration Customs Enforcement (ICE) (hereinafter collectively referred to as Homeland Security) as defendants leaving only Thomas Coram Jr being sued in his "individual" capacity. The reasons for this objection are presented to this honorable Court in the following brief.

Page 1

## BRIEF IN SUPPORT OF OBJECTION

While it cannot be disputed that Homeland Security Senior Agent Thomas Coram Jr created the majority of the causes of action in the above styled case, it is also true that other employees and departments of Homeland Security were involved in the acts or ommissions giving rise to the complaint.

There were four Homeland Security agents assisting in the execution of simultaneous and unsuccessfull child pornography raids with warrants on Plaintiffs and his family's homes. These agents confiscated and still possess almost one year later 3 computers, 5 cameras, 3 cell phones, forty photo albums, thousands and thousands of discs, photographs and files, and approximately 150 pounds of documents and printed records. From these files that were not listed on any warrant, Homeland Security has generated 11 criminal charges, none of which are supported by fact and all of which were designed to cause Plaintiff's incarceration. Receipts for confiscated material are clearly labeled "Homeland Security" and the property is stored at Homeland Security offices in Montgomery and Mobile.

Homeland Security caused the search warrant seeking child pornography to be executed in Texas by Officer Mike Garrett and the "Major Offenders Unit" of the Houston Police Department. Plaintiff

WAS HANDCUFFED BY THE FBI WHILE THE SEARCH WAS CONDUCTED IN THE PRESENCE OF ONE OF THE HOMELAND SECURITY AGENTS WHO PARTICIPATED IN THE ALABAMA RAIDS. AFTER AN UNSUCCESSFUL CONCLUSION OF THE WARRANT (NO CHILD PORNOGRAPHY WAS FOUND); IT WAS HOMELAND SECURITY WHO FALSELY INFORMED THE FBI THAT PLAINTIFF WAS A FUGITIVE FROM JUSTICE IN ALABAMA AND THAT THERE WAS A WARRANT FOR HIS ARREST FOR "FORGERY" THEREBY CAUSING PLAINTIFF'S UNLAWFUL IMPRISONMENT IN TEXAS ON A FICTIONAL AND NON-EXISTANT WARRANT. CRAIG DABLE (FBI PUBLIC RELATIONS) ISSUED A PRESS RELEASE IN WHICH HE DENIED THAT AGENCY HAD ARRESTED MORRIS; THIS DESPITE THE FACT THAT THE FBI CONFISCATED ONE CREDIT CARD, $150.00 CASH, AND ONE CELL PHONE AND CONTINUE TO HOLD THIS PROPERTY TODAY, ALMOST ONE YEAR LATER.

WHEN PLAINTIFF PRESENTED HIMSELF FOR ARREST IN ALABAMA ON THE FICTIONAL WARRANT AND FOUND THAT IT DID NOT EXIST, HS AGENT THOMAS CORAM JR CAUSED AN ALABAMA ATTORNEY GENERAL ARREST WARRANT TO BE HASTILY CREATED CHARGING MORRIS WITH FORGERY; FOR SIGNING HIS OWN NAME. THE WARRANT IS IN ALL LIKLIHOOD A FORGERY ITSELF AND IS ON FILE AT THE ELMORE COUNTY JAIL IN WETUMPKA, ALABAMA. THIS WARRANT (CAUSED BY HS) CAUSED MORRIS' UNLAWFUL IMPRISONMENT FOR SIGNING HIS OWN NAME.

PAGE 3

Approximately seven weeks later, when Plaintiff was on the way to the forgery hearing, he was stopped by Eclectic Police Dept (EPD) chief Gordon Ledbetter who arrested him without a warrant. The timing of the arrest indicates an unlawful conspiracy between that officer and his agent Thomas Conam in view of the fact it caused Plaintiff to miss the hearing and a failure to appear warrant to be issued. Ledbetter wrote up the warrant (the charge was later dismissed) at approximately the same time that the "FTA" warrant was issued 400 yards away. The final paragraph in Ledbetter's complaint states that he is going to get the victim to sign a warrant; an apparent admission that he had no warrant. Ledbetter's illegal behavior was the direct result of his conspiracy with Thomas Conam Jr. This illegal "non-warrant" is on file at the Elmore County Jail in Wetumpka, Alabama.

Also the result of such a conspiracy was the arrest of Plaintiff on a forgery warrant by the Alabama State Patrol officer Daniel Dean. Officer Dean searched Plaintiff's vehicle without a warrant and found himself the target of a civil rights lawsuit. Shortly thereafter, after conspiring with its agent Conam, he signed an arrest warrant

Page 4

BECAUSE MORRIS SIGNED HIS OWN NAME ON A TRAFFIC TICKET THAT HAD BEEN PAID MONTHS BEFORE. THIS ARREST WARRANT IS ON FILE IN THE ELMORE COUNTY JAIL IN WETUMPKA, ALABAMA.

AFTER SEVERAL MONTHS OF EXAMINATION BY HOMELAND SECURITY, AN OLD VISA APPLICATION FOR MORRIS' FORMER VIETNAMESE WIFE WAS DISCOVERED BY ONE OF THE AGENTS IN MORRIS' FILING CABINET. ON THIS APPLICATION, IN A SPACE ENTITLED "FORMER HUSBANDS AND WIVES", MORRIS HAD WRITTEN "NONE". DESPITE THE FACT THAT THE APPLICATION WAS NEVER USED AND IN FACT WAS EXPIRED, THAT THE APPLICATION WAS FOUR YEARS OLD AND THE COUPLE WERE DIVORCED, AND THAT THE APPLICATION WAS NOT ON ANY SEARCH WARRANT; Homeland Security ISSUED an ARREST WARRANT CHARGING MORRIS WITH "VISA FRAUD" ON THE BASIS OF THAT ERROR.

FOUR Homeland Security AGENTS, ACCOMPANIED BY ONE DOZEN OTHER OFFICERS ARRESTED MORRIS IN FRONT OF ALL HIS FRIENDS AND NEIGHBORS. ONE Homeland Security agent held a shotgun on Morris while other officers searched his car. The speakers were ripped off THE SIDES AND HAVE NOT BEEN REPAIRED.

The arrest warrant is on file at the US District Court Middle District Northern Division. Morris was released on a $25,000.00 BOND, WAS REQUIRED TO WEAR AN ANKLE MONITOR, AND WAS FORCED TO SUBMIT TO RANDOM DRUG TESTING AND CONFINED TO HOUSE ARREST.

While under house arrest, Morris was subjected to monitoring of every detail of his life under the expanded powers of the "Patriot Act." Despite the fact that Morris was not a threat to domestic security, Morris' mail and phone communication was thoroughly examined. In fact, Morris changed his phone number three times and each time it was once again tapped using the same warrant. New regulations permit this practice without obtaining a new warrant.

On one occasion, plaintiff attended a conference with his attorney, who had failed to notify Bernard Ross (probation officer required despite the fact Morris was not yet convicted of visa fraud) of the visit. Homeland Security, with the mistaken belief that plaintiff was violating the conditions of his release, arranged Morris' arrest so that he would be locked up and be in violation of his electronic monitoring. With yet another false warrant, EPD had Wetumpka Police arrest Morris for "failure to appear." Once again Morris arrived at the Elmore County Jail to discover no warrants existed. Approximately two hours later EPD officer Ruth Peters delivered two false warrants. These false warrants are on file at the Elmore County Jail — in Wetumpka, Alabama.

Page 6

After six weeks of compliance, and four drug tests with negative results, Homeland Security arranged a "review of release order" that required a hearing to determine if Morris should be allowed to remain free.

During this hearing, Homeland Security agent Thomas Coram Jr. gave two hours of testimony, virtually all of which was false. The transcript of the hearing is discussed in the complaint. By far the most damaging testimony was that there existed two "failure to appear" warrants (this was perjury) and that Morris had constructed an illegal explosive device (also false).

At the same time, Homeland Security took the voluntary admission by Morris that he had received one year's probation for sale of one gram of cocaine in 1980 in Colorado and combined that fact with the existance of a 22 rifle with no clip nor ammunition in Morris' son's house and charged Morris with being a felon in possession of a weapon. The charge (felony) was more than 25 years old and the rifle was an old one with a large knife duct taped to the end in a similar fashion as a bayonette for photography purposes.

PAGE 7

. HOMELAND SECURITY THEN INDICTED MORRIS FOR BEING A MARIJUANA ADDICT IN POSSESSION OF A GUN (THE SAME RIFLE) ON THE PREMISE THAT MORRIS ADMITTED SMOKING MARIJUANA. THE LAW UNDER WHICH Homeland Security CHARGED MORRIS IS THE NEW ICE LAW (isolate criminal elements) WHICH MAKES IT A CRIME TO VIOLATE DRUG LAWS WITH A WEAPON. MORRIS WAS CHARGED WITHOUT THE DRUG VIOLATION.

HOMELAND SECURITY HAD OBTAINED MISLEADING INDICTMENTS. THE ENTIRE DEPARTMENT PARTICIPATED.

HOMELAND SECURITY TOOK OVER AN INVESTIGATION INTO A "TERRORIST THREAT" MADE AGAINST MORRIS INVOLVING AN UNLIT MOLOTOV COCTAIL AND A THREATENING NOTE. THOMAS CONAM TESTIFIED UNDER OATH (AFTER IDENTIFYING HIMSELF AS A Homeland Security senior agent) THAT MORRIS MANUFACTURED THAT DEVICE AND WROTE THE NOTE. HE TOOK THE INVESTIGATION FROM MARGARET FAULKNER OF THE FBI AND DELIBERATELY FALSIFIED THE RESULTS.

ON 17 JUNE 2005, AFTER 21 HOURS OF PERJURY and 2 UNLAWFUL INDICTMENTS MAGISTRATE SUSAN RUSS WALKER HAD ENOUGH. WITH A SLAM OF HER GAVEL AND A BRIEF ACKNOWLEDGEMENT OF HER RESPONSIBILITIES TO PROTECT A DEFENDANT'S

RIGHTS, SHE STRIPPED THE PLAINTIFF OF ALL OF HIS RIGHTS AND PLACED HIM IN CUSTODY ON PRE-TRIAL DETENTION.

AFTER ONLY A FEW DAYS IN FEDERAL CUSTODY, MORRIS WAS MOVED TO A PUNISHMENT CELL ON "PROTECTIVE CUSTODY", SUPPOSEDLY TO PROTECT THE "PERVERT" FROM THE GENERAL POPULATION. ALL THE INMATES IN "FOUR CELL" WERE THERE AS A RESULT OF FIGHTING OR BREAKING RULES. ONLY MORRIS WAS BEING "PROTECTED". THE CELL WAS IN THE OLD MONTGOMERY CITY JAIL AND DID NOT MEET FEDERAL STANDARDS.

MORRIS' INCARCERATION THERE MUST HAVE BEEN THE RESULT OF PRESSURE FROM THE MARSHALL'S OFFICE, WHICH IS IN EFFECT THE EXECUTIVE WING OF Homeland Security. IN VIEW OF THE FACT THAT THE MARSHALL'S OFFICE IS IN CHARGE OF THE INCARCERATION OF FEDERAL INMATES, IT ALSO IS ACTING UNDER THE AUSPICES OF HOMELAND SECURITY.

MORRIS WAS HELD IN "FOUR CELL" FOR OVER TWO MONTHS, DESPITE THE FACT THAT THE CELL DOES NOT MEET THE MINIMUM STANDARDS FOR A FEDERAL INMATE. THIS WAS AN INTENTIONAL ATTEMPT BY Homeland Security to break him down and in fact this constituted cruel and unusual punishment.

That cell was closed down by the Health Department AND Morris was moved into the FEDERAL ANNEX; A CONDOMINIUM BY COMPARISON. THE CELL WAS UNSANITARY AND HAD SEWAGE LEAKAGE ACROSS THE ENTIRE FLOOR EVERY DAY DURING THE TIME MORRIS WAS THERE. TODAY, FEDERAL INMATES ARE NOT PERMITTED TO BE HELD IN "FOUR CELL". MORRIS WAS PERHAPS THE LAST FEDERAL INMATE TO BE HOUSED THERE.

TO FURTHER DESCRIBE THE ATROCITIES COMMITTED ON THIS PLAINTIFF BY EMPLOYEES OF Homeland SECURITY WOULD BE REDUNDANT AS MOST OF IT IS DESCRIBED IN THE COMPLAINT. Senior agent Covam was responsible for most, but much was done by other employees and the department itself.

Temple Black, who is public relations for Immigration Customs Enforcement (ICE) announced in a press release THAT "Operation Predator" WAS LAUNCHED to investigate this plaintiff. She said that "Morris is being investigated under the auspices of Homeland Security seeking evidence of child sex tourism, human trafficking and other crimes against children". Homeland Security investigators traveled to Vietnam seeking proof of Plaintiffs' crimes against children.

Page 10

In fact, Homeland Security investigators generated a "voting fraud" charge in Okaloosa County Florida which, at first glance, appears to be an overcharge as has been all the rest. The charge is based on the premise that Morris voted in the presidential election (2002) (1980 felony conviction) and that this is somehow "voter fraud". The press release said "Morris is at the center of an international probe involving allegations he took part in unlawful sex with hundreds of minor females between the ages of 11 and 15 in other countries, including Vietnam, Thailand, and Mexico."

The motive for the charge is obvious with the press release statement that "Federal authorities say the charge means Morris will remain in detention in the Montgomery Alabama City Jail where he is also charged with 'immigration fraud'".

These words could only have originated from the office of Homeland Security and is further evidence of libel, slander and defamation of character perpetuated by that office against the plaintiff. Further information regarding this charge may be obtained from the Okaloosa County Sheriffs Department Public Information Officer at (850) 651 7420, (Michelle Nicholson)

Page 11

PLAINTIFF IS CURRENTLY BEING HELD IN PRE-TRIAL DETENTION AND IS SCHEDULED TO FACE VISA FRAUD AND WEAPONS CHARGES ON 13 FEBRUARY 2006. HE IS REPRESENTED IN THESE CHARGES BY MARYANNE MELRO PRINCE [(334) 2621006]. MONTGOMERY CIVIL RIGHTS ATTORNEY J. CARLTON TAYLOR [(334) 2440447] WILL IN ALL LIKLIHOOD FILE AN AMENDED COMPLAINT FURTHER DESCRIBING THE ABUSES OF POWER BY Homeland Security against this plaintiff.

THIS PLAINTIFF HAS ATTEMPTED TO DEMONSTRATE TO THIS HONORABLE COURT THAT NOT ONLY DEFENDANT Homeland Security senior agent CORAM HAS HARMED HIM, BUT ALSO HAS Coram's EMPLOYER "Homeland Security". This AGENCY HAS ABUSED ITS NEW POWERS UNDER THE "PATRIOT Act" CAUSING IRREPARABLE HARM TO PLAINTIFF. FROM INDIVIDUAL AGENTS FOLLOWING THE PLAINTIFF IN SUV's TO INTERNATIONAL INVESTIGATIONS, ALL THE POWER OF HOMELAND SECURITY HAS BEEN BROUGHT TO BEAR AGAINST THIS PLAINTIFF.

AND FINALLY THERE IS THE FINANCIAL REASON NOT TO DISMISS Homeland Security as a DEFENDANT. THE NET WORTH OF SENIOR AGENT THOMAS CORAM JR IS BUT A FRACTION OF THE DAMAGE CAUSED BY HE AND HIS EMPLOYER AND HE IS INCAPABLE OF MAKING RESTITUTION.

Page 12

Wherefore; the above premises considered, this plaintiff prays that this Court NOT dismiss Homeland Security as a defendant. To do so would leave that agency unaccountable for the abuses of power that everyone knew was possible when that agency was created and that have occurred against this plaintiff.

To dismiss them as a defendant would leave those unpunished who allowed senior agent Thomas Conam Jr to take controll of our nations resources and cause a non-stop vendetta against a law abiding American citizen. To do so would allow those who participated in these unlawful and criminal activities to avoid punishment.

Respectfully submitted on this 18 January 2006.

George Hoey Morris
Federal Annex
Montgomery City Jail
PO Box 159
Montgomery AL 36101

Page 13

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON 18 JANUARY 2006 THAT I PROVIDED A TRUE AND CORRECT COPY OF THE FOREGOING TO THE FOLLOWING DEFENDANTS BY PLACING SAME IN THE UNITED STATES MAIL POSTAGE PREPAID AND PROPERLY ADDRESSED AS FOLLOWS:

UNITED STATES DEPARTMENT
OF HOMELAND SECURITY
LEGAL DEPARTMENT
WASHINGTON DC 20528

UNITED STATES IMMIGRATION
AND CUSTOMS ENFORCEMENT
301 SOUTH RIPLEY STREET
MONTGOMERY, AL. 36104

UNITED STATES CUSTOMS AND
IMMIGRATION ENFORCEMENT
DEPT OF HOMELAND SECURITY
900 WESTERN AMERICAN CIRCLE
SUITE 301
Mobile, Alabama 36609

Thomas Coram JR.
℅ Thomas Coram
745 KOWALIGA ROAD
ECLECTIC AL. 36024

original to:
US DISTRICT COURT
Middle District - Northern Div,
PO Box 711
Montgomery Al 36101
(334) 9543600
Page 14

_____ (Plaintiff)
GEORGE HOEY MORRIS
FEDERAL ANNEX
PO BOX 159
MONTGOMERY, AL. 36101

GEORGEHOEYMORRIS. COM